UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jermaine Brooks, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 4069 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | James B. Zagel |
| Tom Dart, Sgt. Wiggins, C/O Ruiz, C/O Gainer, | ) | |
| C/O Shamanski, C/O John Doe, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, Sergeant Darnice Wiggins, and Officers Santos Ruiz and Ross Shemanski (hereinafter "Defendants"), by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, and one of her assistants Nicholas E. Cummings, Assistant State's Attorney and submits Defendants' Answer to Plaintiff's Complaint as follows:

1. On 9/25/13 plaintiff Jermaine Brooks was placed in Bullpen #8 in C.C.D.O.C. after plaintiff Brooks told C/O Ruiz, Sgt. Wiggins, C/O Shamanski, C/O Gainer and C/O John Doe that he can not be in the bullpen with inmate Reo Mitchell and the vice lords because Reo Mitchell called a "hit" on plaintiff Brooks, plaintiff also explained to C/O Ruiz, Sgt. Wiggins, C/O Gainer and C/O john Doe that he was in the level system in Division #9 and was not suppose (sic) to be in the same bullpen as general population in Division #9.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Sgt. Wiggins, C/O Ruiz, C/O Shamanski, C/O Gainer, C/O John Doe all told plaintiff to go in the bullpen #8 plaintiff Brooks pleaded with Sgt. Wiggins and the C/O's that he had a hit on him by the vice lords and the detainee that called the hit is in the

bullpen his name is Reo Mitchell (A.K.A.) "Heavy." Sgt. Wiggins told plaintiff he was going to have to deal with it and ordered C/O Ruiz, C/O Shamanski and C/O John Doe to put plaintiff in the bullpen #8. Plaintiff Brooks was forced in the bullpen by the C/O's which plaintiff pleaded with Sgt. Wiggins and the C/O's.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Plaintiff Brooks was in fear for his life while being forced to go into that bullpen his life was in danger by Reo Mitchell all the vice lords Reo Mitchell was with in bullpen #8.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Plaintiff Brooks stood in the bullpen #8 at the front fearing for his life with the detainee's that was cuffed alone with plaintiff and several other detainee's was in the bullpen uncuffed (sic) and popping out of there handcuffs which is suppose (sic) to be secure tamper proof handcuffs.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants Sgt. Wiggins, C/O Ruiz, and C/O Shamanski, C/O John Doe walked pass and looked in the bullpen and saw Reo Mitchell and other detainees out of there handcuffs and fell (sic) to do anything about it.

**ANSWER:** Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Plaintiff Brooks was in fear for his life of being attacked by other prisoners and asked Sgt. Wiggins to please remove him out of that bullpen #8 Sgt. Wiggins walked away leaving plaintiff Brooks in the bullpen with more than 20 prisoners.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff was in fear for his life. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Plaintiff Brooks stayed in the front of the bullpen #8 and saw Sgt. Cintron walk pass plaintiff stopped Sgt. Cintron and told him that he was not supose (sic) to be in the bullpen with general population Sgt. Cintron told plaintiff that there's nothing he could do because he Sgt. Cintron was not assigned to the area.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Plaintiff told Sgt. Cintron that he wasn't suppose (sic) to be in the bullpen with the general population and can he get him out of the bullpen Sgt. Cintron then left the area. Never acknowledging plaintiff health and safty (sic).

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Plaintiff stood at the front of the bullpen #8 handcuffed inside looking for someone to come and get him out of the bullpen when plaintiff Brooks was attacked by several detainees plaintiff Brooks cover hisself (sic) into a ball while several detainees stomped, kicked and beat plaintiff on the ground in the bullpen.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. All the detainees where (sic) out of there handcuffs beating and stomping and kicking plaintiff Brooks everywhere on his body while plaintiff Brooks called out for help. Plaintiff was knocked out unconscious.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant Sgt. Wiggins, C/O Ruiz, C/O Shamanski C/O John Doe C/O Gainer was all watching plaintiff and the other detainees beat kick and stomp Brooks as plaintiff called out for help Defendants just stood there watching plaintiff Brooks getting attacked.

**ANSWER:** Defendants deny that they stood and watched Plaintiff get attacked. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant never used O.C. spray to get the attackers off plaintiff, Brooks was left in the bullpen scared for his life while defendants looked at plaintiff getting beat, kicked, stomped by detainees.

**ANSWER:** Defendants deny that they looked at plaintiff getting beat, kicked and stomped by other detainees. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

### Exhaustion of Legal Remedies Grievance Procedure

Plaintiff Jermaine Brooks used the Cook county Dept. of Corrections Grievance procedure available at Cook County Jail to try and solve the problem.

1. On 9/26/13 plaintiff Jermaine Brooks filed a grievance and presented a brief summary of the facts relating to this complaint refer to Exhibit "A".

**ANSWER:** Notwithstanding Plaintiff's Exhibit A, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of this section of Plaintiff's Complaint.

2. On 10/3/13 plaintiff was transferred to Kankakee County Jail and didn't get a response from the grievance that was filed about the incident.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff was transferred to Kankakee County Jail on October 3, 2013. Defendants deny that Plaintiff did not get a response from the grievance.

4

**Individual and Official Capacity Color of Law**

At all times relevant to this complaint Defendant Sgt. Wiggins (hereinafter "Wiggins") was and is an (sic) Sgt. in the Cook County Jail. Wiggins is sued in her individual and official capacity.

**ANSWER:** Defendants admit that Sergeant Wiggins is a sworn corrections officer employed by the Cook County Sheriff.

At all times relevant to this complaint Defendant Ruiz (herein after "Ruiz") was and is an officer in the Cook County Jail. Ruiz is sued in his individual and official capacity.

**ANSWER:** Defendants admit that Officer Ruiz is a sworn corrections officer employed by the Cook County Sheriff.

At all times relevant to this complaint Defendant Gainer (hereinafter "Gainer") was and is an officer in the Cook County Jail. Gainer is sued in her individual and official capacity.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Defendant Gainer contained in Plaintiff's Complaint.

At all times relevant to this complaint Defendant Shamanski (hereinafter "Shamanski") was and is an officer in the Cook County Jail. Shamanski is sued in his individual and official capacity.

**ANSWER:** Defendants admit that Officer Shemanski is a sworn corrections officer employed by the Cook county Sheriff.

At all times relevant to this complaint Defendant John Doe (hereinafter "John Doe") was and is an officer in the Cook County Jail. John Doe is sued in his individual and official capacity.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding John Doe contained in Plaintiff's Complaint.

### "Color of Law"

At all times relevant to this complaint Defendants Wiggins, Ruiz, Gainer, Shamanski (sic) and John Doe, were acting under the color of state law.

**ANSWER:** Defendants admit that as sworn correctional officers employed by the Cook County Sheriff they are authorized by Illinois to carry out certain duties.

### "Legal Claims"

Plaintiff Jermaine Brooks realleges (sic) and incorporates by reference paragraphs (1-12)

ANSWER: Defendants re-allege and incorporate by reference their answers to Paragraphs 1-12 of Plaintiff's Complaint as if fully set forth herein.

1. Presented the facts related to this complaint Defendant "Sgt. Wiggins" deliberate indifference knew that there was a substantial risk that plaintiff would be seriously harmed and Defendan (sic) Sgt. Wiggins failed to respond reasonably to protect plaintiff which violated plaintiff rights deprived plaintiff liberty, due process of the law, equal protection of the law, and constituted cruel and unusual punishment under the "due process clause of the fourteenth and eighth amendment of the U.S. Constitution. (References 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12.)

**ANSWER:** Defendant Wiggins denies the allegations contained in Paragraph 1 of the "Legal Claims" section of Plaintiff's Complaint. Defendants Ruiz and Shemanski are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the "Legal Claims" section of Plaintiff's Complaint.

2. Presented the facts related to this complaint Defendant "C/O Ruiz" deliberate indifference knew that there was a substantial risk that plaintiff would be seriously harmed which C/O Ruiz failed to respond reasonably to protect plaintiff which violated plaintiff rights deprived plaintiff liberty, due process of the law, equal protection of the law, and constituted cruel and unusual punishment under the "due process clause" of the

fourteenth and eighth amendment of the U.S. Constitution. (references 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.)

**ANSWER:** Defendant Ruiz denies the allegations contained in Paragraph 2 of the "Legal Claims" section of Plaintiff's Complaint. Defendants Wiggins and Shemanski are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the "Legal Claims" section of Plaintiff's Complaint.

3. Presented the facts related to this complaint Defendant "C/O Shamanski" deliberate indifference knew that there was a substantial risk that plaintiff would be seriously harmed which C/O Shamanski failed to respond reasonably to protect plaintiff which violated plaintiff rights deprived plaintiff liberty, due process of the law, equal protection of the law, and constituted cruel and unusual punishment under the "due process clause" of the fourteenth and eighth amendment of the U.S. Constitution. (references 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.)

**ANSWER:** Defendant Shemanski denies the allegations contained in Paragraph 1 of the "Legal Claims" section of Plaintiff's Complaint. Defendants Ruiz and Shemanski are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the "Legal Claims" section of Plaintiff's Complaint.

4. Presented the facts related to this complaint Defendant "C/O Gainer" deliberate indifference knew that there was a substantial risk that plaintiff would be seriously harmed which C/O Gainer failed to respond reasonably to protect plaintiff which violated plaintiff rights deprived plaintiff liberty, due process of the law, equal protection of the law, and constituted cruel and unusual punishment under the "due process clause" of the fourteenth and eighth amendment of the U.S. Constitution. (references 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.)

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the "Legal Claims" section of Plaintiff's Complaint.

7

5. Presented the facts related to this complaint Defendant "Sgt. Cintron" deliberate indifference knew plaintiff didn't belong in the bullpen after plaintiff Brooks made him aware that he was not and can not be in the bullpen with Div. 9 general population. Defendant Sgt. Cintron was informed that there was a substantial risk that plaintiff would be seriously harmed Defendant Sgt. Cintron failed to respond reasonably to protect plaintiff which violated rights deprived plaintiff liberty, due process of the law, equal protection of the law, and constituted cruel and unusual punishment under the "due process clause" of the fourteenth and eighth amendment of the U.S. Constitution. (references 7, 8, 9, 10, 11, 12.)

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the "Legal Claims" section of Plaintiff's Complaint.

6. Presented the facts related to this complaint Defendant "C/O John Doe" deliberate indifference knew plaintiff didn't belong in the bullpen after plaintiff told all the C/O's and Sgt. that was working in the area and around the area who's mentioned in this complaint. John Doe knew that there was a substantial risk that plaintiff would be seriously harmed which C/O John Doe failed to respond reasonably to protect plaintiff which violated plaintiff rights deprived plaintiff liberty, due process of the law, equal protection of the law, and constituted cruel and unusual punishment under the "due process clause" of the fourteenth and eighth amendment of the U.S. Constitution. (references 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12.)

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the "Legal Claims" section of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, Sergeant Darnice Wiggins, and Officers Santos Ruiz and Ross Shemanski, by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, and Nicholas E. Cummings, Assistant State's Attorney, and plead the following Affirmative Defense:

> Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, Defendants are entitled to Qualified Immunity.

WHEREFORE, NOW COME Defendants, Sergeant Darnice Wiggins, and Officers Santos Ruiz and Ross Shemanski pray that this Honorable Court enter a finding that Plaintiff's Complaint be dismissed with prejudice and that this Court grant such other relief to Defendants as it deems proper and just.

## JURY DEMAND

Defendants, Sergeant Darnice Wiggins, and Officers Santos Ruiz and Ross Shemanski request a trial by jury.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:  */s/ Nicholas E. Cummings*
     Nicholas E. Cummings
     Assistant State's Attorney
     Richard J. Daley Center
     50 West Washington, Suite 500
     Chicago, Illinois 60602
     (312) 603-6638
     nicholas.cummings@cookcountyil.gov